**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-15-0000465**
**21-MAY-2018**
**08:22 AM**

NO. CAAP-15-0000465

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

ALLENE KAPLAN,
Plaintiff-Appellant,
v.
STANLEY MARTIN LEHMAN, also known as Stanley Lehman,
Defendant-Appellee

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(Civil NO. 11-1-0146)

SUMMARY DISPOSITION ORDER
(By: Ginoza, Chief Judge, Fujise and Chan, JJ.)

Plaintiff-Appellant Allene Kaplan (Kaplan), *pro se*, appeals from the Final Judgment entered by the Circuit Court of the Third Circuit (circuit court)[1] on May 14, 2015, pursuant to the "Order Dismissing Counterclaim Filed By Defendant/ Counterclaimant Stanley Lehman and Entering Default Against Defendant/Counterclaimant on Plaintiff/Counterclaim Defendant Allene Kaplan's First Amended Complaint" and the "Findings of Fact and Conclusions of Law Regarding Entry of Default Judgment in Favor of Plaintiff and Against Defendant." The Final Judgment entered judgment on several counts of Kaplan's Amended Complaint in favor of Kaplan, dismissed the remaining counts of the Amended

---

[1] The Honorable Greg K. Nakamura presided.

Complaint with prejudice, and dismissed Defendant-Appellee Stanley Martin Lehman's Counterclaim without prejudice.

On appeal, Kaplan requests that "this Court reverse the fraud count in favor of Kaplan and against Lehman; dismiss the counterclaim with prejudice; award Kaplan all attorneys' fees, actual damages and costs, as well as treble and /or punitive damages to the extent allowable by law . . . ."

Upon careful review of the record and Kaplan's opening brief, and having given due consideration to the arguments and issues raised by Kaplan, as well as the relevant statutory and case law, we affirm.

We first note that Kaplan's opening brief substantially fails to conform to the requirements of HRAP Rule 28(b), which "is, alone, sufficient basis to affirm the judgment of the circuit court." Bettencourt v. Bettencourt, 80 Hawai'i 225, 228, 909 P.2d 553, 556 (1995).

HRAP Rule 28(b)(3) requires that the opening brief contain

> [a] concise statement of the case, setting forth the nature of the case, the course and disposition of proceedings in the court or agency appealed from, and the facts material to consideration of the questions and points presented, with record references supporting each statement of fact or mention of court or agency proceedings. In presenting those material facts, all supporting and contradictory evidence shall be presented in summary fashion, with appropriate record references. Record references shall include a description of the document referenced, the JIMS or JEFS docket number and electronic page citations, or if a JIMS or JEFS docket number is not available, the document's filing date and electronic page citations within the document. References to transcripts shall include the JIMS or JEFS docket number, the date of the transcript, and the specific electronic page or pages referenced. Lengthy quotations from the record may be reproduced in the appendix. There shall be appended to the brief a copy of the judgment, decree, findings of fact and conclusions of law, order, opinion or decision relevant to any point on appeal, unless otherwise ordered by the court.

(Emphases added.) Kaplan's opening brief does not contain a single citation to the record. Kamaka v. Goodsill Anderson Quinn & Stifel, 117 Hawai'i 92, 114 n.23, 176 P.3d 91, 113 n.23 (2008) ("This court is not obligated to sift through the voluminous record to verify an appellant's inadequately documented

contentions." (citation omitted)). The opening brief also does not include copies of the decisions from which the appeal is taken.

HRAP Rule 28(b)(4) requires that the opening brief also contain

[a] concise statement of the points of error set forth in separately numbered paragraphs. Each point shall state: (i) the alleged error committed by the court or agency; (ii) where in the record the alleged error occurred; and (iii) where in the record the alleged error was objected to or the manner in which the alleged error was brought to the attention of the court or agency.

Kaplan's opening brief does not contain any points of error committed by the circuit court, and as stated above, fails to cite to where in the record any error may have occurred. Consequently, Kaplan's opening brief also does not contain any argument "on the points presented and the reasons therefor, with citations to the authorities, statutes and parts of the record relied on," as required by HRAP Rule 28(b)(7).

Despite Kaplan's noncompliance with HRAP Rule 28(b), "this court has consistently adhered to the policy of affording litigants the opportunity to have their cases heard on the merits, where possible." Bettencourt, 80 Hawai'i at 230, 909 P.2d at 558 (citation and internal quotations omitted). However, because Kaplan's opening brief contains no discernible argument, we are unable to address the merits of any issues that Kaplan may have intended to raise in her opening brief. See Kakinami v. Kakinami, 127 Hawai'i 126, 144 n.16, 276 P.3d 695, 713 n.16 (2012) (citing In re Guardianship of Carlsmith, 113 Hawai'i 236, 246, 151 P.3d 717, 727 (2007) (noting that this court may "disregard a particular contention if the appellant makes no discernible argument in support of that position") (internal quotation marks and brackets omitted)).

Kaplan makes a variety of conclusory statements and claims in her opening brief. It appears from her opening brief that she ultimately contends that the circuit court erred in dismissing her claim for fraud in her First Amended Complaint. The circuit court dismissed Kaplan's fraud claim on the basis

3

that "[Kaplan] has failed to prove pecuniary injury or damages legally caused by false statements made by [Lehman]." Kaplan does not address this conclusion by the circuit court, nor does she point to anything in the record addressing this conclusion or demonstrating that it is in error.

Beyond her opening brief, Kaplan requests that we also review her "PETITION FOR WRIT OF PROHIBITION AND WRIT OF MANDAMUS; EXHIBITS 1-51 filed in the Supreme Court of the State of Hawai'i on March 4, 2014" (Petition for Writ) and her "MOTION TO AMEND FINDINGS BY THE COURT REGARDING ENTRY OF DEFAULT JUDGMENT IN FAVOR OF PLAINTIFF AND AGAINST DEFENDANT AND DECLARATION OF PLAINTIFF; EXHIBITS A-G filed in the Circuit of the Third Circuit State of Hawai'i on March 18, 2015" (Motion to Amend) as addendums to her opening brief. First, we note that the Petition for Writ does not appear to be part of the record in the instant case, so we cannot consider it. See Munoz v. Yuen, 66 Haw. 603, 606, 670 P.2d 825, 827 (1983) ("[T]his court can only consider those materials in the record[.]" (citation omitted)). Second, the Motion to Amend, like the opening brief, is devoid of record citations and specific allegations of error committed by the circuit court. At best, the Motion to Amend vaguely argues that the circuit court's findings of fact are "clearly erroneous," but makes no specific argument as to which findings are erroneous and the reasons therefor. Even if we were able to discern which findings of fact Kaplan disagrees with, we "give due deference to the right of [the circuit court as] the trier of fact 'to determine credibility, weigh the evidence, and draw reasonable inferences from the evidence adduced.'" In re Doe, 107 Hawai'i 12, 19, 108 P.3d 966, 973 (2005) (quoting State v. Lubong, 77 Hawai'i 429, 432, 886 P.2d 766, 769 (1994) (citation omitted)). Therefore, we reject Kaplan's contention that the circuit court's findings of fact are clearly erroneous.

We are unable to discern any additional issues or arguments that Kaplan may have intended to raise in her opening brief or Motion to Amend.

Based on the foregoing, the Final Judgment entered by the circuit court on May 14, 2015 is affirmed.

DATED: Honolulu, Hawaiʻi, May 21, 2018.

On the brief:

Allene Kaplan,
Pro Se, Plaintiff-Appellant.

Chief Judge

Associate Judge

Associate Judge

5